MURPHY, Respondent, vs. INTERLAKE PULP & PAPER COMPANY, Appellant.

*January 15—February 3, 1914.*

*Master and servant: Negligence: Safe working place: Injury: Contributory negligence: Pleading: Definiteness.*

1. In an action by a member of a crane crew for injuries alleged to have been sustained through slipping on the icy floor of a flat car upon which defendant operated a steam crane, the complaint is *held*, on demurrer, to show negligence of the defendant in failing to make the place of employment as free

from danger as the nature of the employment would reasonably permit (sec. 2394—48, and sub. 11, sec. 2394—41, Stats. 1911), and not to show contributory negligence as a matter of law.

2. Vagueness and indefiniteness in a pleading must be challenged, not by demurrer, but by motion to make more definite and certain.

APPEAL from an order of the municipal court of Outagamie county: THOMAS H. RYAN, Judge. *Affirmed.*

Action for personal injury. January 24, 1912, plaintiff, while in the discharge of his duty as member of a crane crew, consisting of more than four persons, was injured by slipping upon a flat car, upon which the defendant, who had not elected to come in under the Workmen's Compensation Act of 1911, operated a steam crane. The general ground of liability charged in the complaint was that defendant failed to provide a safe place of employment as required by ch. 485, Laws of 1911, and more specifically by secs. 2394—48 and 2394—49, sub. 1, Stats. 1911. The defendant demurred to the complaint, and from an order overruling the demurrer it appealed.

*C. G. Cannon,* for the appellant.

For the respondent there was a brief by *Bouck & Hilton* and *John F. Kluwin,* and oral argument by *E. J. Dempsey.*

VINJE, J. The first ground of demurrer is that it appears upon the face of the complaint that the defendant has been guilty of no actionable negligence or breach of any legal duty it owed to the plaintiff. Among other allegations of negligence the complaint contained the following:

"That defendant negligently permitted the floor of said flat car upon which said crane was located to become and remain in an unsafe, defective, and dangerous condition of repair in this, that at one end thereof and at a point in the floor of said crane car where plaintiff and his fellow workmen were obliged to pass over, step upon, stand, and remain while performing their said duties, there were depressions and holes, which at and prior to the time plaintiff suffered and

sustained the injuries herein complained of were filled with water and ice. That defendant negligently permitted water used on said crane car to run over and upon the floor of said crane car, well knowing that the same would run into and fill the holes and depressions in the floor of said car and freeze.

"The defendant company negligently failed to adopt a safe and suitable system of repair and inspection to protect said car from becoming unsafe because of water running thereon and thereover and because of snow and ice accumulating in the depressions and holes in the floor of said crane car.

"The defendant negligently failed to provide plaintiff with suitable and proper tools, appliances, or means to prevent said water from running over the floor of said car and into said holes and depressions or from preventing the formation or removal of the ice thereon."

The second ground of demurrer is that the complaint shows upon its face that plaintiff's own negligence was the proximate cause and the only cause of the injuries he sustained. The main allegation of the complaint, showing just how the injury occurred, and upon which the defendant evidently relies to sustain this contention, is as follows:

"That on said 24th day of January, 1912, and while in the performance of his duties and immediately after plaintiff had coupled said crane car to a flat car, the engineer gave a whistle signal that he was about to stop for water, whereupon the plaintiff, whose duty it was to arrange for the taking on of water, immediately started for the crane so as to be ready to take on water when the crane stopped at the hydrant, and in order to reach a proper position to do this work it was necessary for the plaintiff to pass over the said flat car upon which the crane was located at a point where said holes and depressions made the floor of said car slippery and unsafe because of water and ice that had been negligently permitted to accumulate and remain thereon, and while passing on to said car and over said passageway the plaintiff, in the exercise of due care and without fault on his part and solely because of the defective, dangerous, and unsafe condition of the floor of said car as hereinbefore stated, lost his footing, fell, and was thrown from said car to the ground below, thereby suffering the injuries hereinafter stated."

No liberal rule of construction even need be invoked to sustain the complaint as against both objections. A failure on the part of the defendant to provide a safe place of employment as required by secs. 2394—48, 2394—49, Stats. 1911, is clearly stated, as well as other grounds of negligence. The complaint effectively negatives the fact that the place of employment was as free from danger as the nature of the employment would reasonably permit, and that charges a breach of statutory duty. Secs. 2394—48, 2394—41, sub. 11, Stats. 1911. *Sparrow v. Menasha P. Co.* 154 Wis. 459, 143 N. W. 317; *Tallman v. Chippewa S. Co.* 155 Wis. 36, 143 N. W. 1054.

The allegations with reference to how the injury happened do not as a matter of law show contributory negligence on the part of the plaintiff, and the defense of assumption of risk is taken away by sec. 2394—1, Stats. 1911.

Contention is also made that the complaint is vague and indefinite, especially as to just how the accident happened and what injuries were sustained. The demurrer does not reach such defects, if any there be. They must be challenged by a motion to make the complaint more definite and certain.

*By the Court.*—Order affirmed.