KENDZEWSKI, Appellant, vs. WAUSAU SULPHATE FIBRE COM-
PANY, Respondent.

*February 25—March 17, 1914.*

*Master and servant: Safety of appliances used in building: Statute
construed: Slippery bridge or runway: Sufficiency of guard
rail: Assumption of risk: Command of master.*

1. Although sec. 1636—81, Stats., imposes upon the employer an
   absolute duty to see that the specified building appliances are
   safe and are such as to give proper protection to the life and
   limbs of his employees, it does not make him an absolute in-
   surer of the safety of such employees. It is intended to secure
   their safety as regards all reasonable probabilities, but not all
   possibilities, of personal injury.

2. Where an elevated way or bridge between two buildings, made
   for the use of masons, was five feet in width and supplied on
   each side with a guard rail, firmly fixed, from three and one-
   half to four feet above the floor, the legislative standard of
   safety was met, and a finding by the jury that it was unsafe
   because of the want of a second guard rail below the one in
   place was unwarranted and was properly set aside or changed
   by the court.

3. The facts that the way was uncovered, that the floor was out
   of level to the extent of an inch and a half, and that it was
   slippery from the formation of ice thereon the night pre-
   vious, did not show that a second guard rail was necessary
   or warrant a finding that the contrivance was unsafe.

4. The ordinary slipperiness of the walk being a thing as well
   within the anticipation of the employee as of the employer,
   and on the particular occasion more likely to be within his
   knowledge, the risk therefrom must be deemed to have been
   assumed by him.

5. A mere supervising or administrative direction to an employee
   requiring the use of such elevated way or bridge, given by
   one not so situated as to know the slippery condition of the
   walk, was not such a command as to amount to coercion or
   to lull an ordinary person into a sense of security, and would
   not absolve the employee from assumption of the risk.

APPEAL from a judgment of the circuit court for Marathon
county: A. H. REID, Circuit Judge. *Affirmed.*

Action to recover compensation for a personal injury. The

accident happened February 2, 1911. Assumption of the risk and contributory negligence were then available defenses in such cases. Plaintiff, while working for defendant as a mason tender, slipped and fell on an elevated uncovered passageway between two buildings and rolled or slipped from the surface of the way, fell to the ground, and was injured. The way was some twenty feet long, five feet wide, located about twenty feet from the surface of the ground, and was furnished with a guard rail on either side three and a half to four feet above the floor. Such floor was out of level to the extent of about an inch and a half. It was in a slippery condition because of formation of ice thereon the night before. There was some conflict in the evidence respecting just how plaintiff happened to slip. He was sent to do the work in which he was engaged, was familiar therewith, and could easily have observed the condition of the floor. No question was raised as to the safety of the way under ordinary conditions; but it was claimed that defendant should have been alert to the icy condition and sanded the walk, and should have anticipated probability of the occurrence of such slippery condition as existed, and guarded against danger by covering the walk by a roof or providing two guard rails on each side and leveling the floor.

The jury found the walk was not, under the circumstances, safe, so as to give proper protection to the lives and limbs of defendant's employees using the same with due care, by reason of there not being a second guard rail on each side below the one in place. The court on motion changed this finding so as to favor defendant. The jury also found that absence of a second guard rail was the proximate cause of the injury and that an ordinary prudent person, circumstanced as plaintiff was at the time of the accident, could not reasonably have anticipated such danger as existed respecting falling from the way owing to absence of a second guard rail. The court changed both of these findings so as to favor defendant and

on the verdict so amended rendered judgment dismissing the action with costs.

*A. L. Smongeski,* for the appellant.

For the respondent there was a brief by *Kreutzer, Bird, Rosenberry & Okoneski,* and oral argument by *C. B. Bird.*

MARSHALL, J.   .Was the statutory requisite of the way, assuming it to be such as is mentioned in sec. 1636—81, Stats., provided by respondent.   Applicability of the statute seems to be conceded, and nothing more favorable to appellant as to the duty of respondent is charged.   Such statute requires the way to be safe, suitable, and proper, and so as to give proper protection to the life and limbs of the persons employed to use it.   It requires a safety rail of wood, properly bolted, secured, and braced, rising at least thirty-four inches above the floor.   The statute does not expressly require a second guard rail.   It seems clear that defendant complied with the law as to guard rails unless more was required by the general call for safety.

True the statute imposes an absolute duty.   No amount of care short of that which will produce the results demanded constitutes adequate performance.   The employer, to that extent, is an absolute insurer.   *Koepp v. Nat. E. & S. Co.* 151 Wis. 302, 139 N. W. 179; *Kosidowski v. Milwaukee,* 152 Wis. 223, 139 N. W. 187.   That does not mean that the place of employment must be so safe that an employee cannot become injured.   The statute makes the employer an insurer as to furnishing such a place as it requires, but not against injury to employees using the place which has been so furnished.   One must distinguish between insurer *as to* the character of the place, satisfying the calls of the statute, and absolute insurer of safety of employees.   True, it was said in *Koepp v. Nat. E. & S. Co., supra,* "It must be held that the legislature intended to make employers, in the situations dealt with by the statute, absolute insurers of the safety

of their employees, save in cases of efficient assumption of the risk or contributory negligence;" but this absolute duty of safety is measured by the statutory requirement as to physical condition. The statute, though thus given efficiency in its letter, must yet be restrained within some reasonable limitation so as not to convict the legislature of requiring the impossible. Unsafe or improper conditions are the opposites of safe, suitable, and proper. Safe and proper in that there is no such danger as that which the statute was intended to obviate, within reasonable apprehension. Safety as regards all reasonable probabilities not all possibilities of personal injury. Safe, suitable, and proper, so far as human foresight devoted to the matter, not with ordinary attention merely, but with a purpose to accomplish just what the legislature intended, a place so safe as to render personal injury so remote as to be, at most, merely within the realm of possibility. That, doubtless, was the idea of the lawmakers. The legislature has gone still further under the Workmen's Compensation Act, and none too far, in responding to the high ideals of the times; but we are dealing with the particular statute applicable to the situation in question.

Now we are not able to see why the court below did not decide right as to whether plaintiff's working place measured up to the high degree of safety required by the statute as to the particular feature involved; absence of a second guard rail. The legislative standard of safety was substantially followed. It requires one guard rail on either side, firmly fixed, not less than thirty-four inches above the floor. There was such a rail. The legislative distance clearly indicates that no danger was supposed to be within the range of reason of a person falling upon the surface of the walk and rolling under the rail.

The particular circumstances supposed by the jury to require an additional guard rail were a slight want of level of the floor and failure to sand it to remedy the slippery condi-

tion. The want of level was too trifling to be worthy of serious consideration. The floor was only one half of one per cent. out of level. Not more than the ordinary walk and more reasonably an element of safety by facilitating drainage of the walk, than one of danger. As to the element of sanding, it hardly seems that could, with any fairness, be considered with reference to the second guard rail. Moreover, the ordinary slipperiness of the walk was a thing as well within the anticipation of appellant as of respondent, and, on the particular occasion, was much more likely to be within his knowledge than that of respondent.

Appellant's counsel appreciates the situation last suggested and meets it by saying, appellant is excusable for submitting himself to whatever danger there was, because of his having gone upon the walk by orders of his superior. There was no such command in this case which would be likely to lull an ordinary person into a sense of security. There was the mere supervising direction given by a person who was not so located as to know the condition of the walk. True, he had reason to suppose it was slippery, but appellant had the same reason and when he arrived upon the walk must have observed the fact. In that case, whatever risk there was he assumed it in proceeding to carry out a mere ordinary administrative direction. Where there is a command, under such circumstances as to amount to a species of coercion, or an order, under such circumstances as to lull the person directed into a sense of security and so excuse him from failing to observe danger, the rule may be different. As said, in effect, in *Ives v. Wis. Cent. R. Co.* 128 Wis. 357, 107 N. W. 452, a rule that whenever a servant submits himself to conditions which result in his being injured, he is absolved from all self-responsibility for his safety would be a judicial abolishment of assumption of the risk and contributory negligence. The court has no function, permitting it to thus repeal the law. The legislature might have done it at any time for the

more than sixty years after it was adopted by a vote of the people in adopting the constitution, and failed until recent years to attempt to even modify it. Fortunately it has come to appreciate that it is a legislative function, not a judicial one, to change the law of negligence.

There are some detail matters called to our attention as having constituted prejudicial error, but they do not seem to be of sufficient importance to warrant saying more than to indicate that they have not escaped attention. It is considered that the decision of the trial court changing the verdict of the jury in the respects mentioned in the statement and rendering judgment for respondent cannot be disturbed.

*By the Court.*—Judgment affirmed.

TIMLIN, J. I concur in the result.