KELLY, Respondent, vs. KNEELAND-McLURG LUMBER COMPANY, Appellant.

*May 6—June 1, 1915.*

*Master and servant: Injury while loading logs: Unsafe place: Contributory negligence: Evidence: Excessive damages.*

1. In an action for injuries to an employee caused by the rolling of logs which he was assisting in loading upon a car, the evidence, showing that other and safer loading devices might have been

used, is *held* to sustain a finding by the jury that the employer failed to furnish plaintiff a place of employment which was as free from danger as the nature of the employment reasonably permitted.

2. The evidence in such case is *held* also to sustain a finding by the jury that plaintiff was not guilty of contributory negligence.

3. An award of $6,500 for serious and permanent injuries to a man twenty-two years old and earning at the time $55 per month, having been sustained by the trial court, is *held* not so large that this court should disturb it.

APPEAL from a judgment of the circuit court for Price county: G. N. RISJORD, Circuit Judge. *Affirmed.*

Action to recover for personal injury. The complaint is based upon failure to furnish a safe working place. The plaintiff was employed as a common laborer assisting in loading logs on cars, and in the performance of his duties it became necessary for him to be upon a certain car then being loaded for the purpose of adjusting the logs being hoisted in bunches upon said car by means of a mechanical device known as a steam jammer or loader. It is alleged in the complaint that the defendant negligently and carelessly failed to provide plaintiff with either safe employment or a safe place of employment, and failed to promulgate rules for the safety and protection of plaintiff and other employees engaged, and failed to warn plaintiff of the dangers, and failed to furnish proper appliances used in hoisting logs, in consequence of which plaintiff was seriously injured.

The defendant answered admitting its corporate existence and that the plaintiff was injured while in its employ on May 15, 1913, and denied all other allegations of the complaint, and alleged that the plaintiff contributed to said injury by his own negligence, and that the injury was not occasioned by the negligence of the defendant. The jury returned the following verdict:

"(1) Did the defendant fail to furnish plaintiff a place of employment which was as free from danger as the nature of the employment reasonably permitted? *A.* Yes.

"(2) If you answer the first question 'Yes,' then was such failure the proximate cause of plaintiff's injuries?  A. Yes.

"(3) Was plaintiff guilty of any want of ordinary care which contributed to produce his injuries?  A. No.

"(4) At what sum do you assess plaintiff's damages? A. $6,500."

Judgment was entered in favor of the plaintiff upon the verdict, from which this appeal was taken.

For the appellant there was a brief by *Barry & Barry,* and oral argument by *J. S. Barry.*

*W. K. Parkinson,* for the respondent.

KERWIN, J.  The chief contention of the appellant is that the court erred in denying defendant's motions for nonsuit and directed verdict.  It is insisted that no negligence was shown on the part of the defendant and that the evidence showed contributory negligence on the part of plaintiff.

1. The first question presented is whether the evidence was sufficient to support the finding of the jury to the effect that the defendant failed to furnish the plaintiff a place of employment as free from danger as the nature of the employment reasonably permitted.  The provisions of the statute applicable are as follows:

Sec. 2394—48, Stats. 1911, requires every employer, among other things, to furnish a place of employment "which shall be safe for employees."

Sub. 1, sec. 2394—49, provides that no employer "shall require, permit or suffer any employee to go or be in any employment or place of employment which is not safe."

Sub. (11), sec. 2394—41, Stats. 1911, provides that "The term 'safe' and 'safety' as applied to an employment or a place of employment shall mean such freedom from danger to the life, health or safety of employees . . . as the nature of the employment will reasonably permit."

Sub. (1), sec. 2394—41, provides: "The phrase 'place of employment' shall mean and include every place, . . . where

either temporarily or permanently any industry, trade or business is carried on. . . ."

This court in several cases has construed the foregoing statutes. *Rosholt v. Worden-Allen Co.* 155 Wis. 168, 144 N. W. 650; *Sparrow v. Menasha P. Co.* 154 Wis. 459, 143 N. W. 317; *Murphy v. Interlake P. & P. Co.* 156 Wis. 9, 145 N. W. 193; *Kendzewski v. Wausau S. F. Co.* 156 Wis. 452, 146 N. W. 516; *Sadowski v. Thomas F. Co.* 157 Wis. 443, 146 N. W. 770.

The plaintiff received the injury complained of while in the employ of the defendant and engaged as toploader in loading logs upon a car. It was his duty under the employment to be upon the car and unhitch or release the chains when the bunch of logs was hoisted onto the car by the loader. At the time of the accident, when the bunch of logs rested upon the load they spread so the bunching chains were taut. The plaintiff, in order to get slack in the chains, rolled up one of the logs in the bunch and got the chains unhooked. Just after getting the chains free the logs started to roll, plaintiff jumped from the load, one of the logs rolled off the car, struck him, and caused the injury. About ten or twelve logs from eight to nine inches in diameter were hoisted onto the car in a bunch and held together by bunching chains.

There is ample evidence that the appliances used by defendant in loading the logs were not as safe as the nature of the employment would permit. The evidence shows that the place could have been rendered safe by the use of "trip bunching chains," which would not have required plaintiff to be in a place of danger, or by the use of a portable platform suspended between the booms, and in other ways. So it is clear from the evidence produced that the jury were well warranted in finding that the place of employment was not as free from danger as the nature of the employment reasonably permitted.

2. It is contended that the finding of the jury that the

plaintiff was not guilty of contributory negligence is not supported by the evidence. Claim is made by appellant that plaintiff should have stood upon the opposite side of the bunch from the side where he stood when injured. There is an abundance of evidence that the place where he stood when he unhitched the chains, just before the injury, was the place usually and ordinarily occupied by toploaders and no more dangerous than the other side of the bunch of logs. Plaintiff had not been instructed to do the work in any other way than he had done it. He had a right to believe, under the evidence, that a position on the opposite side of the bunch would have been as dangerous, or more so, than the position he occupied at the time of the injury.

The appellant also complains of error in refusal to give certain requested instructions on negligence and contributory negligence. There was no error, certainly no prejudicial error, under this head.

3. It is further contended that the damages are excessive. The court below refused to disturb the verdict on the question of damages, and we are not able to say that it was wrong in so holding. True the damages are quite large, but the injury was very serious and permanent. The plaintiff had three operations and suffered much pain. He was twenty-two years of age and earning $55 per month at the time of the injury. At the time he was injured he weighed 180 pounds and at the time of trial below weighed 142 pounds and was unable to work.

We find no reversible error in the record.

*By the Court.*—The judgment is affirmed.