MURPHY, Respondent, vs. INTERLAKE PULP & PAPER COM-
PANY, Appellant.

*December 10, 1915—January 11, 1916.*

*Master and servant: Injury: Unsafe working place: Icy platform of
crane car: Contributory negligence: Evidence: Sufficiency: Spe-
cial verdict: Answers by the court: Immaterial questions: Harm-
less error: Sufficiency of finding: Proximate cause.*

1. In an action by a member of a crane crew for injuries alleged to
   have been sustained when, as he was passing in the usual way
   from a flat car to the crane car, he slipped and fell by reason of
   the defective and icy condition of the platform or floor of the
   crane car, the evidence is *held* to sustain findings by the jury
   that defendant negligently failed to maintain plaintiff's work-
   ing place in as safe a condition as the nature of the employment
   would reasonably permit, and that plaintiff was not guilty of
   contributory negligence.
2. The court may properly answer a question in the special verdict
   as to which there is practically no conflict in the evidence.
3. In an action based upon the defendant's statutory duty to furnish
   a safe place of employment (secs. 2394—48, 2394—49, Stats.) a
   question in the special verdict as to whether defendant in the
   exercise of ordinary care ought to have known before the acci-
   dent that the place was not safe, was immaterial; but, the ver-
   dict being complete without it, neither its submission nor the
   correction of a clerical error in its wording after the verdict
   was returned was prejudicial to defendant.
4. The jury having found that plaintiff's place of employment, fur-
   nished by defendant, was not safe, and also (an immaterial
   finding) that defendant ought to have known before the acci-
   dent that it was not safe, a further finding that the facts so
   found were the proximate cause of plaintiff's injury was a suf-
   ficient finding of proximate cause.

APPEAL from a judgment of the municipal court of Outa-
gamie county: THOMAS H. RYAN, Judge.   *Affirmed.*

This action was brought to recover damages for personal
injuries sustained by plaintiff while in the employ of the
defendant and while working about a locomotive crane in the
performance of his duties in the yards of the defendant in

the city of Appleton.    The claim of the plaintiff is based upon the alleged failure of the defendant to furnish a safe working place.

The defendant denied negligence and also set up contributory negligence on the part of the plaintiff.    The jury returned the following verdict:

"(1) Was the plaintiff injured at the time alleged while passing over the crane car, on his way to the water tank in the performance of his duties?    A. Yes.

"(2) Did employees of defendant's crane car generally in the performance of their duties, and to the knowledge of defendant's superintendent, use, and pass over the crane car on their way to the tank when necessity required the taking on of water?    A. (answered by the court). Yes.

"(3) Did defendant at the time plaintiff was injured negligently fail to maintain that part of the crane car over which plaintiff passed in as safe a condition as the nature of the employment would reasonably permit?    A. Yes.

"(4) Ought defendant in the exercise of ordinary care to have known before the accident that the platform of said crane car was not as free from danger to the safety of employees in the performance of their duties or the circumstances of employment would reasonably permit and have remedied the same?    A. Yes.

"(5) If you answer either or both of questions numbered 3 and 4 'Yes,' then were the facts so found the proximate cause of plaintiff's injury?    A. Yes.

"(6) Did want of ordinary care on the part of the plaintiff contribute to produce his injury?    A. No.

"(7) What sum in money will reasonably compensate the plaintiff for the injury by him sustained?    A. Three thousand dollars ($3,000)."

The defendant moved for nonsuit and directed verdict, also made the usual motions after verdict, all of which motions were denied and judgment was rendered in favor of the plaintiff upon the verdict, from which this appeal was taken.

C. G. Cannon, attorney, and William Ruger, of counsel, for the appellant.

For the respondent there was a brief by *Bouck, Hilton, Kluwin & Dempsey,* and oral argument by *John F. Kluwin.*

KERWIN, J.   When this case was here on appeal from an order overruling a demurrer to the complaint this court held that the complaint stated a good cause of action and did not show contributory negligence of plaintiff. *Murphy v. Interlake P. & P. Co.* 156 Wis. 9, 145 N. W. 193.   The main question before us now is whether there is sufficient evidence to support the findings of the jury.   It is insisted that no negligence of defendant was shown and that the evidence shows as matter of law that the plaintiff was guilty of contributory negligence.

Under the express provisions of the statute the defendant was bound to furnish a safe place to work, as free from danger as the nature of the employment would reasonably permit.   Secs. 2394—48, 2394—49, Stats.; *Sparrow v. Menasha P. Co.* 154 Wis. 459, 143 N. W. 317; *Tallman v. Chippewa S. Co.* 155 Wis. 36, 143 N. W. 1054.   The negligence charged in the complaint is that the defendant permitted the platform or floor of the car upon which the employees were required to work to be and remain in a defective condition by reason of the floor of said car being uneven and containing depressions and holes which were at the time of the injury filled with ice and thereby dangerous; and that defendant negligently permitted water used on said crane and platform of said car to run over and upon the floor of said car and platform thereof and freeze thereon; that while plaintiff was passing onto said crane car in the discharge of his duties, and because of the defects and unsafe condition of the car, he lost his footing and fell, receiving the injuries complained of.   The allegations of the complaint are sufficient to charge the defendant under the statute and authorities referred to.   *Murphy v. Interlake P. & P. Co., supra.* But it is contended that the evidence does not support the al-

legations of negligence set out in the complaint.    There is direct and positive evidence that while the plaintiff was in the discharge of his duties and passing onto the crane car from the flat car attached to the crane car, he slipped and fell between the cars because of the accumulation of ice and defective condition of the floor.    We cannot say that this evidence is incredible or that the jury and court below were wrong in holding that the allegations of the complaint were supported by sufficient evidence.    There also is evidence tending to show that the ice and slippery condition of the floor or platform of the crane car were due to the defects in the tank and appliance which allowed the water from the crane car to escape and flow over the platform, causing the ice and slippery condition.    The evidence also tends to show that the construction of the platform, by reason of a large portion thereof being uncovered and only an eighteen-inch space extending on either side and a similar space in the middle prepared for use by employees in travel over it, rendered the working place unsafe or not as free from danger as the nature of the employment would reasonably permit.    There is evidence that it was practicable to cover the openings in the floor or platform of the crane car.

It is also strenuously insisted by counsel for appellant that the evidence shows as matter of law that plaintiff was guilty of contributory negligence.    The jury found against the contention of counsel on this point and the court below sustained the finding.    We think the finding of the jury is supported by sufficient evidence, therefore cannot be disturbed.    The evidence shows that the plaintiff went the usual and customary way in passing from the flat car onto the crane car.    It is argued by appellant that the distance between the flat car and crane car was four feet and that it is unbelievable that a man could step over a four-foot space. But there is evidence that the space was much less than four feet, viz. between two and one-half and three feet.

It is also said that the evidence shows that plaintiff said he was taking a chance when he stepped onto the crane car. The evidence as to whether plaintiff made such statement is also in conflict. Great stress is laid upon the point that plaintiff was guilty of contributory negligence as matter of law in crossing from the flat car to the crane car at the point where he did and in putting his foot on the four-inch rim under the coupling iron. There were two holes on the rear end of the crane car some six or eight inches deep, each about four feet long and three feet wide and partially filled with sand and ice, leaving a runway on either side and one in the middle each eighteen inches wide. These runways were in a depression about one-half inch deep, inclosed by a four-inch rim which extended back of the hole on the rear end of the crane car and under the brake rod, the brake rod extending a few inches back of and about six inches above the rim. There is evidence that plaintiff in passing from the flat car onto the crane car placed his foot on this rim opposite the hole, slipped into the hole, lost his balance, and fell. It is claimed by appellant that plaintiff could not have fallen in the manner described by him, because the brake rod would have prevented his foot going forward into the hole, and that he must either have stepped on the rod or tried to place his foot on the rim beyond the rod, and that in either case he was guilty of contributory negligence. There is evidence that the depression in the runways was covered with ice as well as the rim and that it was customary for employees, with the knowledge of the foreman, to cross from the flat car to the crane car in the discharge of their duties in the manner which plaintiff testified he attempted to cross. It is said the evidence of plaintiff as to how he fell is absolutely incredible because the coupling rod would have prevented his foot from slipping into the hole, his right leg from the knee down being at the time he fell in a perpendicular position. The evidence tends to show that when the plaintiff placed his

right foot on the rim just before he fell his right leg was projected forward at an angle much less than ninety degrees, his left foot resting on the flat car about three feet back of his right foot, so that when he transferred the weight of his body from his left to his right leg the right foot resting on the icy rim could have slipped under the brake rod and into the hole while the right leg was extended forward. Plaintiff testified that when he lifted his left foot his right foot let go and that threw his body around between the cars. Upon all the evidence it was clearly a question for the jury whether the plaintiff was guilty of contributory negligence.

The defense of assumption of risk was abolished by the statute. Sec. 2394—1, Stats.; *Murphy v. Interlake P. & P. Co.* 156 Wis. 9, 145 N. W. 193.

It is also contended that the court erred in answering question No. 2. It is said that there was sufficient conflict in the evidence on the point to require submission to the jury. We think the evidence is practically undisputed that it was the custom of employees in the discharge of their duties to pass over the crane car on their way to the tank when necessity required the taking on of water. We cannot say that the court below was wrong in answering the second question.

It is also assigned as error that question No. 4 should not have been submitted, and that it was error to amend it. It seems that after the verdict was returned the court changed the word "or" to "as" in the fifth line of the question so as to make it read "as the circumstances of employment would reasonably permit" instead of "or the circumstances of employment would reasonably permit." The question was immaterial and need not have been submitted. But neither the submission nor the change was prejudicial. The verdict was complete without this question. The cause of action is based upon a breach of statutory duty. *Sparrow v. Menasha P. Co.* 154 Wis. 459, 143 N. W. 317; *Murphy v. Interlake P. & P. Co.* 156 Wis. 9, 145 N. W. 193.

Counsel for appellant complains of the fifth question submitted to the jury. They say that the third question is framed upon a statement of facts that does not exist, and that the fourth question is double, meaningless, and contrary to law. The criticism is more technical than substantial. As we have seen, the fourth question was not material, but the jury found the facts covered by it in favor of plaintiff, and also found upon sufficient evidence the third question in favor of plaintiff. By the fifth question the jury were asked whether the facts found were the proximate cause of the injury, if they answered either or both questions 3 and 4 "Yes." They answered the fifth question "Yes." There can be no doubt that there was a sufficient finding of proximate cause.

Some other errors are assigned and discussed by counsel for appellant, but we do not regard them of sufficient importance to call for treatment. We have examined with care the record and find no prejudicial error.

*By the Court.*—The judgment is affirmed.