Andreyszak, Appellant, vs. Werthmann, Respondent.

*February 22—March 14, 1916.*

*Master and servant: Injury in operating sausage machine: Contributory negligence: Special verdict: Inconsistency: Unsupported findings.*

1. While engaged in feeding meat into the hopper of a sausage machine plaintiff voluntarily omitted to use a stamper which defendant had provided for pressing the meat down into the hopper, but instead used his hand for that purpose and in so doing his fingers were caught in the cutting part of the machine and injured. The jury found that the omission to use the stamper proximately contributed to the injury and that plaintiff was guilty of contributory negligence. *Held*, that a judgment for defendant was proper, notwithstanding a further finding that plaintiff slipped on the floor at the time of the accident, it being clear from the evidence that had he been using the stamper he would not have been injured even though he slipped.

2. Other findings by the jury as to negligence of the defendant causing the injury, which had no support in the evidence, did not, even if inconsistent with the findings on which the judgment is based, entitle plaintiff to judgment or to a new trial.

Appeal from a judgment of the circuit court for Milwaukee county: Lawrence W. Halsey, Circuit Judge. *Affirmed.*

This action was brought to recover for personal injuries sustained by plaintiff in consequence of his left hand becom-

ing caught in a revolving auger-like conveyor of a sausage machine.    The jury returned the following verdict:

"(1) Did the defendant at the time of the plaintiff's injury fail to exercise ordinary care with respect to furnishing light at the place of plaintiff's employment?    A. Yes.

"(2) If you answer the first question 'Yes,' then answer this question: Was such failure a proximate cause of the plaintiff's injury?    A. Yes.

"(3) Did the plaintiff slip on said floor at the time of the accident?    A. Yes.

"(4) If you answer question No. 3 'Yes,' then answer this question: Was the condition of the floor such as to render the place of employment as safe as the nature of the employment would reasonably permit?    A. Yes.

"(5) If you answer question No. 4 'No,' then was such condition a proximate cause of plaintiff's injury?    A. ———.

"(6) Did the plaintiff's hand enter the grinding machine in consequence of his slipping upon the floor?    A. Yes.

"(7) Did the defendant to the knowledge of the plaintiff provide a stamper to be used in forcing meat into the machine?    A. Yes.

"(8) Did the defendant instruct the plaintiff to use the stamper in the operation of the machine in question?    A. No.

"(9) Did the plaintiff voluntarily omit to use the stamper? A. Yes.

"(10) Did the omission to use the stamper proximately contribute to the plaintiff's injury?    A. Yes.

"(11) Did the defendant adopt and use in and about the manner of feeding the machine, at the time and place in question, a method that was reasonably adequate to render the use of such machine safe?    A. No.

"(12) If you answer the above question 'No,' then was such failure to adopt and use such method a proximate cause of plaintiff's injury?    A. Yes.

"(13) Was the plaintiff guilty of any want of ordinary care which proximately contributed to his injury?    A. Yes.

"(14) What sum will reasonably compensate plaintiff for the injuries which he received?    A. $2,250."

Plaintiff moved to change the answers to several questions

of the special verdict, for judgment on the verdict as so changed, and for judgment notwithstanding the verdict, and that the verdict be set aside and a new trial granted. All these motions were denied and the defendant's motion for judgment dismissing the complaint was granted and judgment entered accordingly, from which this appeal was taken.

For the appellant there were briefs by *Tibbs, Foster & Schroeder,* attorneys, and *H. B. Walmsley,* of counsel, and oral argument by *Mr. Walmsley.*

For the respondent the cause was submitted on the brief of *Lorenz & Lorenz,* attorneys, and *James D. Shaw,* of counsel.

Kerwin, J.    The special verdict is set out in the statement of facts. The fourth, seventh, ninth, tenth, and thirteenth findings of the jury support the judgment. The thirteenth finding, to the effect that the plaintiff was guilty of want of ordinary care which proximately contributed to his injury, alone disposes of the case and justified affirmance of the judgment.

Counsel for appellant, however, insists (1) that these findings are not supported by the evidence; and (2) that they are inconsistent with other findings, hence in any event there should be a new trial. The fourth, seventh, ninth, tenth, and thirteenth findings are well supported by the evidence.

The plaintiff at the time of injury was engaged in feeding a sausage machine by taking meat from a vessel with his right hand and feeding it into the hopper of the machine, and at times it became necessary to press the meat down in the hopper. The jury found that the defendant, to the knowledge of the plaintiff, provided a stamper to be used in forcing the meat into the hopper of the machine, and that the plaintiff voluntarily omitted to use the stamper, but on the contrary put the meat into the hopper with his right hand and pressed it down with his left, and while in the act of pressing it down with his left hand his fingers were caught in the screw or cutting part of the machine and injured.

It is undisputed that the plaintiff had his left hand in the hopper pressing down the meat when the injury occurred, but he testified that he slipped on the greasy floor and that the slipping caused the injury.

Counsel for appellant relies upon findings 1, 2, 3, 11, and 12, and insists that these findings at least entitled the appellant to a new trial because they are inconsistent with other findings in favor of the defendant. We do not think this contention is tenable. The appellant claims that he slipped because of the greasy condition of the floor and that this caused his hand to come in contact with the cutting part of the machine, and that the failure of the defendant to furnish light, which was the proximate cause of the injury and the plaintiff's slipping on the floor at the time of the accident, as found by the jury under the first, second, and third findings, was sufficient to entitle the plaintiff to judgment or at least to a new trial. We think this contention is untenable. Under the fourth finding the jury found that the condition of the floor was such as to render the place of employment as safe as the nature of the employment would reasonably permit, and there is no evidence sufficient to support the findings that insufficiency of light in any manner contributed to the injury. Nor is there any evidence to support the eleventh finding of the jury, to the effect that the defendant failed to adopt and use in and about the manner of feeding the machine, at the time and place in question, a method that was reasonably adequate to render the use of such machine safe. There is no evidence whatever that any other method could have been adopted in or about the feeding of the machine to render it more safe. The first, second, eleventh, and twelfth findings being unsupported by the evidence, it follows that upon the record and undisputed evidence the defendant was entitled to judgment.

It is undisputed that at the time of the injury the plaintiff was pressing the meat down into the hopper with his left hand and was not using the stamper provided by defendant for

that purpose.    It is clear also from the evidence that had he been using the stamper he would not have been injured even though he slipped, as he testified and as the jury found.    So that his contributory negligence is established by the undisputed evidence, and this alone would be sufficient to warrant affirmance of the judgment below.

*By the Court.*—Judgment affirmed.