BEYER (John), Plaintiff and Respondent, vs. SCHUETT and
another, Defendants and Appellants: BEYER (Harold)
and another, Impleaded Defendants and Appellants.

*March 5—March 31, 1953.*

For the appellants Harvey E. Schuett and Farmers Mutual Automobile Insurance Company there was a brief by *McMonigal & Wildermuth* of Berlin, and oral argument by *James L. McMonigal.*

For the appellants Harold Beyer and Mutual Automobile Insurance Company of Herman there was a brief by *O'Leary, Joyce & Remley* of Neenah, and oral argument by *John W. O'Leary* and *Elbert Joyce.*

For the respondent there was a brief by *Benton, Bosser, Becker & Fulton,* and oral argument by *David L. Fulton* and *Edgar E. Becker,* all of Appleton.

FAIRCHILD, J.   The evidence, which will be referred to, amply sustains the answers to the questions in the special verdict finding the defendant Schuett guilty of failure to maintain a proper lookout and to exercise proper management and control of his car immediately preceding the time of the collision, and finding that failure in those respects was causal.   The evidence also sustains the finding that Harold Beyer complied with the rules and regulations governing the turning of his car, and, although Schuett did not see the signals given by Beyer of his intention to turn, we must hold that such signals were given.

It clearly appears from the evidence that Harold Beyer was preceding Schuett's car; that he was driving on his side of Highway 49, which at the point of the collision is a black-top driving surface of 18 to 20 feet in width; and that he was gradually slowing down preparatory to turning into a driveway.   It also appears that he gave the proper signals as required by the rules of the road, for the jury found that immediately prior to his being overtaken and struck by Schuett's car he was not negligent by reason of failing in a duty with respect to complying with these regulations.

The testimony of Schuett as to the lane of travel he was in at the time of the accident is in direct conflict with the testimony of one Roberts and with the skid marks made by Schuett's car in the right-hand lane of travel immediately behind Beyer's car.   While the testimony of Schuett was for the jury to consider, it was necessary also for the jury to

take into consideration the testimony concerning the skid marks. Roberts testified, in effect, as follows:

"From the position I was in, I observed the Beyer car was operating on the right side. After the collision I made an examination of the concrete. I saw skid marks before it entered my driveway. I know that it was the Schuett Oldsmobile that made the skid marks. They were on the right-hand side of the road going north, both cars were. I would say the marks were 8 or 10 feet from my driveway. I would say the marks were 10 or 15 feet long. There were four marks. They were on the right side."

We are not overlooking the fact that Schuett says that the left wheels of Beyer's car were two or three feet over the center line of the highway. However, it clearly appears that the traveled portion of that highway was 18 to 20 feet wide, with shoulders. It also appears that no traffic was approaching from the opposite direction, and thus the opportunity for Schuett to pass, had his position been as he testified, existed, this even if Beyer's car was over the center line two or three feet.

Schuett did not put on his brakes to their full capacity, as he said, because he was afraid it might injure one of his passengers. However that may be, it becomes apparent upon a full review of all the testimony, giving due weight to that evidence which may be treated as most favorable to Schuett, that if an emergency existed, it was one created by Schuett himself; and that the control and management of his car, after he had noted the position of Beyer's car was such that it gave him little or no chance of avoiding the collision.

The point of an inconsistent verdict arises because the verdict contained an inquiry as to whether the defendant, Harold Beyer, was negligent "with respect to management and control" of his car immediately prior to the collision. Because the evidence does not sustain an affirmative answer to that question, the answer must be changed from "Yes" to

"No," and the question must be considered as surplusage. There is, therefore, no occasion for a comparison of negligence presented by the evidence.

The ultimate facts found by the jury serve to dispose of the issues between the defendant Schuett and the impleaded defendant, Harold Beyer, and also to exonerate the impleaded defendant Beyer from liability to the plaintiff. Those facts, as set forth in the special verdict, fixed the responsibility of the resulting damage from the collision upon Schuett because of his failure to keep a proper and efficient lookout as he followed Beyer's car. Inasmuch as the evidence sustains the finding of the jury that Beyer was not negligent with respect to signaling, it relieves him from liability. He was in his proper and lawful place upon the highway and complied with the law and the rules of the road in performing the duty placed upon him of giving proper signals as to his proposed course. Schuett was following Beyer's car, driving at a rate of speed in the neighborhood of 50 to 55 miles per hour. It is apparent from the record that in approaching the place of the collision Schuett did not maintain a proper lookout and thus placed himself in a position so close to the preceding car, without giving due consideration to the speed at which the preceding car was moving, that he was unable to avoid the collision.

The evidence in relation to the skid marks was properly admitted. As to the claimed error in relation to the emergency doctrine, we find no prejudicial error in the instructions given on that subject.

Defendant Schuett claims that the damages awarded to plaintiff are excessive. The learned trial judge was of the opinion that the damages were not so high as to indicate passion and prejudice on the part of the jury. Considering the facts as they were before the trial court and are presented here on the record, we find that the man was an active farmer. Although sixty-eight years of age, he had a life expectancy

of ten years. As a result of the accident he underwent considerable pain and suffering and will continue in the future to have some considerable difficulty in those respects. It appears also that he sustained a permanent limitation of motion in his neck, 25 to 35 per cent, and suffered a permanent loss of strength in his arm, which at the time of the trial—one year after the accident—was considerable. While the amount may fairly be said to be high, it is considered that under the circumstances presented by the record, this is not a case where it may be said that the trial court was in error in its approval of the amount of damages.

See *Murphy v. Interlake P. & P. Co.* 162 Wis. 139, 155 N. W. 925; *Andreyszak v. Werthmann,* 162 Wis. 554, 156 N. W. 949; *Reynolds v. Madison Bus Co.* 250 Wis. 294, 26 N. W. (2d) 653; *Crawley v. Hill,* 253 Wis. 294, 34 N. W. (2d) 123.

*By the Court.*—Judgment in favor of plaintiff against defendant Schuett affirmed. Judgment reversed as to all claims against impleaded defendant, Harold Beyer.