Post, Appellant, vs. Thomas and another, Respondents.

*March 9—June 1, 1942.*

520

For the appellant there were briefs by *Eberlein & Eberlein* of Shawano, and oral argument by *M. G. Eberlein.*

For the respondents there were briefs by *Wallrich & Aschenbrener* of Shawano, and oral argument by *E. L. Aschenbrener.*

The following opinion was filed April 7, 1942:

MARTIN, J.   On November 23, 1940, plaintiff, eighty-four years of age, while crossing Main street in the city of Shawano at a place other than a crosswalk, was struck and injured by an automobile owned and operated by the defendant Thomas. Main street runs in a northerly and southerly direction.   It is forty-six feet in width from curb to curb.   A yellow line is extended in the center.   Parking space is marked on both sides of the street.   The parking space on the west side is six and six-tenths feet and on the east side six and four-tenths feet. The distance between the parking lines is thirty-three feet. It is a paved street.   Green Bay street extends in an easterly

and westerly direction and intersects Main street at a point approximately one hundred feet north of the place at which plaintiff was crossing Main street from west to east when struck by the Thomas car. The accident occurred at about 9 p. m.

The plaintiff testified that before leaving the west curb he looked to the north, the direction from which the Thomas car came, then proceeded to cross the street, and was standing on the center yellow line when struck by the bumper of the Thomas car; that when struck he fell to the pavement in a southeasterly direction. He further testified that he did not see the Thomas car until just the instant it hit him. He knew there was no crosswalk at the place he was crossing.

Thomas testified he did not see the plaintiff until he was in front of his car; that he came from the west on Green Bay street and stopped at the intersection with Main street before the light turned green; that after the light turned green he turned to his right to go down (south) on Main street; that the entire west lane of travel was clear; that when he started to make the turn down Main street there were cars coming from the south in the east lane; that just as he hit Mr. Post a car coming from the south passed; that he was traveling between twelve and fifteen miles per hour. He further testified that when he brought his car to a stop it was a foot and a half west of the center line of the street; that he made no effort to turn his car out of his line of travel as it happened too quick, just like a flash; that the left end of the bumper and left headlight struck Mr. Post; that when he brought his car to a stop and got out Mr. Post was lying about four feet ahead of his car; that his entire body was wholly west of the center line of the street.

The testimony discloses without dispute that cars were parked all along the west side of Main street in the parking area. The block in which the accident occurred was the principal business section of the city. It was a Saturday night, the business places were open, and the streets were lighted.

The plaintiff entered the west lane of travel from between two parked cars. He testified that when he got to the center of the street he stood on the yellow center line for a minute or two. Appellant contends that the line marking the center of the street is a safety zone. Neither this nor any other court, so far as we are advised, has ever so held.

Mr. Don Robbins, who saw the accident and was the first one there, testified that he saw Mr. Post as he started to cross the street; that he noticed a car coming from the north; that it was not traveling over fifteen miles per hour; that the lights were burning; that Mr. Post was walking when he was knocked down. He further testified:

"I would say he was about three feet west of the center line in the street at the time he was struck by the car."

Mr. Rodney Mahl testified:

"I saw the car on the street after the collision and also saw Mr. Post. He was in front of the Thomas car about two or three feet, trying to get up. He was west of the center line. The automobile was west of the center line about three feet."

Several other witnesses testified to the same effect. There is no direct testimony, aside from that of the plaintiff, that he was standing on the center line of the street when struck. All the testimony is to the effect that the Thomas car was traveling between twelve and fifteen miles per hour when the accident occurred. Mr. Thomas brought his car to a stop within a distance of a few feet. All of the witnesses testified that the car stood to the west of the center line immediately after the accident.

The trial court refused to change the jury's answers by which Thomas was found causally negligent as to lookout and speed. The court was of the view that the evidence raised a jury question on these issues. The court said:

"The defendant admits that he did not see the plaintiff until it was too late to avoid striking him and this fact would affect the answers to both of the questions mentioned. [Lookout and speed.] While the speed of the defendant was described at

about fifteen miles per hour the jury had a right to hold that on account of the character of the traffic, the fact that it was a Saturday night when the streets were crowded, and the fact that lights on the street were more or less confusing, the speed of fifteen miles per hour was unlawful."

While the evidence on these issues is extremely weak, we cannot say as a matter of law that there is no credible evidence to sustain the jury's answers. Therefore, the court did not err in refusing to change the answers to these questions from "Yes" to "No" as requested by defendant.

The jury found plaintiff causally negligent in failing to maintain a proper lookout, and not negligent in failing to yield the right of way to Thomas. The court changed both answers, that is, as to negligence and causation, from "No" to "Yes." The court also held that the negligence of the plaintiff was at least as great as that of the defendant Thomas, and so changed the jury's answers. Upon the verdict so changed, judgment dismissing the complaint was entered.

The plaintiff was negligent as a matter of law in failing to yield the right of way. Sec. 85.44 (4), Stats., provides:

"Every pedestrian crossing a highway at any point other than a marked or unmarked crosswalk shall yield the right of way to vehicles upon the highway."

In *Weber v. Barrett,* 238 Wis. 50, 298 N. W. 53, and in *De Goey v. Hermsen,* 233 Wis. 69, 288 N. W. 770, this court held that the plaintiffs were guilty of negligence as a matter of law in failing to yield the right of way as required by sec. 85.44 (4), Stats. In the latter case plaintiff contended that walking across the street at a point other than a crosswalk was not negligence as a matter of law, and could become so only as the surrounding circumstances other than the mere crossing at this point would warrant an inference of negligence. Plaintiff claimed that her only statutory obligation was to yield the right of way to competing vehicles; that the jury had a right to believe that she had not in any way inter-

fered with defendant's right of way; that defendant's right of way was along his right-hand side of the road; and that by the time he had arrived at a point where he would be in competition with plaintiff for this strip of highway, plaintiff was in the center of the street. At page 74 the court said:

"We agree with plaintiff that it is not negligence as a matter of law for a pedestrian to cross a street at a point other than a crosswalk. It is also true that a person so crossing the street who has passed the center of the street does not ordinarily have any problems with respect to yielding the right of way to drivers using the half of the highway that she has passed."

It should be noted that the last sentence above quoted refers to a factual situation rather than the statement of a legal principle. The fact that a pedestrian has reached the marked center line of a street does not lessen such pedestrian's absolute duty to yield the right of way to vehicles upon the street. Whether a pedestrian is negligent as a matter of law in crossing a street at a point other than a marked or unmarked crosswalk is one thing; but for a pedestrian in crossing such street at such point to fail to yield the right of way to vehicles upon the street is quite another thing. In the latter situation, under the statute the duty to yield the right of way is absolute, and failure to do so constitutes negligence as a matter of law.

In *Weber v. Barrett, supra,* the jury found the defendant causally negligent with respect to lookout, control, and speed, upon which the court entered judgment for the plaintiff. On appeal the court reversed the judgment with directions to dismiss the plaintiff's complaint.

The plaintiff's contention in the instant case that he had no duty to yield the right of way because he had reached the center of the street is without merit. Therefore, the trial court properly changed the answers.

The trial court also changed the apportionment of negligence attributable to plaintiff from twenty-five per cent to fifty per cent. Appellant contends that the court erred in so

doing. Upon the evidence and conceded facts we are compelled to conclude that the negligence of the plaintiff must be considered as a matter of law to be as great as that of the defendant Thomas. Plaintiff came out into the street from between parked cars along the west side. From the west parking line to the marked center line of the street is sixteen and three-tenths feet. Four or five steps at the most would put plaintiff in the position he was in when struck. He saw a car coming from the north but concluded he could get to the center of the street, which he apparently believed was a safety zone. Thomas had the right to assume that any pedestrian attempting to cross the street at a place other than a marked or unmarked crosswalk would yield the right of way. Thomas saw the plaintiff in the street at a point when he was immediately in front of his car. He stopped almost immediately. We are of the view that the trial court properly changed the jury's answer on the apportionment of negligence and determined that the negligence of the plaintiff was as great as that of the defendant. See *Sikora v. Great Northern R. Co.* 230 Wis. 283, 291, 282 N. W. 588, and cases cited; *Evanich v. Milwaukee E. R. & L. Co.* 237 Wis. 111, 116, 295 N. W. 44, and cases cited.

The only remaining alleged error relates to instructions and failure to instruct. Since the court's instructions are not before us, not having been returned with the record, we must assume that the trial court instructed according to law.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on June 1, 1942.