Grohusky, by Guardian *ad litem,* and another, Respondents, vs. Ferry and another, Appellants.

*November 17—December 23, 1947.*

For the appellants there were briefs by *North, Bie, Welsh, Trowbridge & Wilmer* of Green Bay, and oral argument by *F. N. Trowbridge.*

For the respondents there was a brief by *Cohen, Parins & Berk* of Green Bay, and oral argument by *Meyer M. Cohen.*

WICKHEM, J. The principal questions in this case are, (1) Is there evidence to sustain the jury's finding that defendant was negligent as to management and control of his automobile? (2) Assuming that there is such evidence, is the negligence of plaintiff equal to or greater than that of defendant?

The nature of the contentions requires a statement of facts in some detail. The accident happened on December 1, 1944, on a country highway in Brown county between the hours of 7:30 and 8 o'clock in the morning. The day was clear and bright. The highway runs north and south and is of concrete, twenty feet in width with six-foot shoulders. Defendant was driving his car in a northerly direction. Plaintiff's home

was some fifty feet east of the concrete. Plaintiff attended school in Green Bay and expected to be picked up by an automobile which was to come from the north. To enter this automobile he had to cross the highway. When plaintiff was on the porch of his home he looked to the south and saw defendant's car approaching about a quarter mile away. He ran toward the highway and, when within four feet of the edge of the concrete, stopped for several seconds and looked both ways. He then started across the highway at a run or fast walk in a diagonal or northwesterly direction. There is evidence that defendant first saw plaintiff when he was fifty feet south of plaintiff. He claims that at that moment plaintiff was standing at the side of the road and that plaintiff looked toward him and then started across the highway. Defendant claims to have applied his brakes and turned to the left. He hit plaintiff when the latter was more than halfway between the black center line and the shoulder on the west side of the road.

The first question is whether a jury's finding that defendant was negligent in the management of his car can be sustained. Plaintiff contends that the day being clear, defendant's speed moderate, and the road straight, the jury was entitled to find that since defendant struck plaintiff on the wrong side of the road after plaintiff had crossed nearly the entire width of the highway he must have been negligent. Plaintiff testified that when he was standing on the shoulder defendant was at least two hundred feet away from him. Since there is evidence that plaintiff proceeded for twenty-eight feet at a fast pace before he was hit (an operation taking four or five seconds) the car must have been about two hundred feet away when plaintiff started into the highway. In view of this the jury was entitled to disbelieve defendant's testimony that plaintiff was still standing on the side of the road when defendant's car was only fifty feet away from him. The accident cannot reasonably be accounted for on the basis of this testimony

because of the distance plaintiff was able to walk before he was hit. Assuming a speed of thirty-five miles an hour by defendant's car, plaintiff could not have gone as far as he did if defendant's testimony be accepted as true. The jury therefore could conclude that defendant's car was two hundred feet away when plaintiff started to cross and that the accident occurred either because defendant did not see plaintiff in time to take steps to avoid the accident, or because if he did see him in time, defendant thereafter mismanaged his car.

The court is aware of the force of defendant's contention that care must be taken not to put users of country highways into an intolerable situation with reference to pedestrians. It is true that on a country highway a motorist traveling at the higher rate of speed permitted is entitled to entertain a reasonable expectation that pedestrians will not step out into his path and that they will take account of country speeds in yielding the right of way. Here, however, we think the jury could reasonably infer either that defendant saw plaintiff start into the road when he was two hundred feet away and that he therefore mismanaged his car, or that he did not see plaintiff until he was within fifty feet of him and because of negligent lookout was confronted with an emergency for which he is accountable.

It is clear that the jury was entitled to find that this was not a situation where plaintiff stepped into the path of defendant at a time when by the exercise of ordinary care defendant could do nothing to avoid the accident. Since the jury did not separately find negligent lookout and mismanagement we are not faced here with the danger of duplicate findings as to negligence with reference to which we expressed concern in *Reynolds v. Madison Bus Co.* 250 Wis. 294, 26 N. W. (2d) 653. No point is made of this by defendant and we shall not discuss the matter further. We conclude that the jury's finding in respect of defendant's negligence is sustained by the evidence.

It is next contended that plaintiff's negligence is equal to or greater than that of defendant as a matter of law. This contention must be rejected. While plaintiff may have been negligent in respect of yielding the right of way the jury could find that his judgment as to the prospects of crossing the road without obstructing defendant's passage was not far off since he not only cleared the right-hand path but nearly cleared the concrete roadway before he was hit. Under the circumstances we cannot disturb the jury's finding that he was less negligent than defendant. In this connection compare *Post v. Thomas,* 240 Wis. 519, 3 N. W. (2d) 344, where a pedestrian was struck within four or five steps of the point from which he started to jaywalk. There the court found that his negligent failure to yield the right of way was as a matter of law at least equal to that of defendant. We are not to be understood to say that plaintiff had any right to suppose that because he could cross the right-hand lane ahead of defendant he would not interfere with defendant's right of way. That question has been settled adversely to any such contention by *Post v. Thomas, supra,* and by *Weber v. Barrett,* 238 Wis. 50, 298 N. W. 53. We simply hold that in finding the percentage of his negligence account may be taken by the jury of the extent to which he failed to meet required standards of care.

There is a motion to review in this case based upon certain rulings of the trial court adverse to plaintiff. Plaintiff, however, specifically states in his brief that consideration of these matters is asked for only in the event of reversal and then solely as the basis for a new trial following such reversal rather than a dismissal of the complaint. For obvious reasons we shall not discuss plaintiff's contentions.

*By the Court.*—Judgment affirmed.