CRAWLEY, Respondent, vs. HILL and another, Appellants.*

*September 15—October 12, 1948.*

* Motion for rehearing denied, with $25 costs, on December 15, 1948.

For the appellants there was a brief by *Thomas W. Pierce* and *Wilkie, Toebaas, Hart, Kraege & Jackman,* all of Madison, and oral argument by *Mr. Oscar T. Toebaas* and *Mr. Pierce.*

For the respondent there was a brief by *Lee & Becker* of Madison, and oral argument by *Lester C. Lee.*

FAIRCHILD, J. Under the evidence we are primarily concerned upon this appeal with the percentage of negligence each actor contributed to the total result. The jury determined that both the pedestrian and the driver of the automobile failed to exercise ordinary care but in computing the total negligence they apportioned defendant's responsibility at eighty per cent and the deceased's at twenty per cent. In challenging the result defendant contends that as a matter of law Crawley contributed at least fifty per cent. He points out that deceased was by law required to yield the right of way under the circumstances existing at the time of his injury. The apportionment of the various degrees of negligence is generally a matter for the jury. This court is reluctant to interfere with their finding and will do so only when it appears to be absolutely necessary that justice may be done.

Sec. 85.44 (4), Stats., requires that a pedestrian crossing a highway at a point other than a crosswalk shall yield the right of way to cars on the highway. Crawley did not do that here. The fact that this was outside the city limits did not lessen his duty of yielding the right of way. See *Grohusky, v. Ferry,* 251 Wis. 569, 30 N. W. (2d) 205. His negligence in that respect is an established fact. He ran onto the highway into the lane of traffic used by defendant. The jury found that at the time and place of the accident he was negligent as to yielding the right of way, as to lookout, and as to the manner of crossing the highway at the place in question. His entrance into the zone of danger was without consideration of Hill's position on the highway, his speed, or manner of driving.

There is nothing in the testimony on which there can rest the probability that deceased was misled by the speed. The only conclusion is that there was no effort on his part to calculate distance and the possibility of getting across the road before the car could cross his path or he its path.

On the other hand, the defendant had a right to rely on the fact that Crawley would observe his statutory duty and yield the right of way. In *Grohusky v. Ferry, supra,* p. 572, we said : "It is true that on a country highway a motorist traveling at the higher rate of speed permitted is entitled to entertain a reasonable expectation that pedestrians will not step out into his path and that they will take account of country speeds in yielding the right of way." Crawley did not do that. Instead he ran into the path of the oncoming car. His failure to look before entering the highway and continuing to run must be held, under the circumstances here involved, to be at least equal to any negligence which may properly be charged to the motorist. It is to be remembered that Crawley approached the highway from the side and that he only reached a point about six feet from the edge when he was struck. This is not a case where the pedestrian was on the highway for a period long enough to have been seen by the driver in time to have avoided hitting him. After a study of the evidence it appears that the accident could have been prevented only if defendant's speed had been such that he could have stopped within a distance of thirty feet, since that is when he said he saw Crawley, or if defendant's lookout had been such that he could have seen Crawley some distance off the road, realized he would not yield the right of way, and stopped in time. Neither of these can be charged as negligence against the defendant because of his right of way and permissible speed.

In considering the evidence relevant to the questions as to speed and management and control submitted to the jury there clearly appears to be a duplication of findings with relation to defendant rendering the comparison of negligence inaccurate.

This is not a case where after a failure of lookout ceased the defendant in the management of his car was guilty of negligent management and control. If he was at the time negligent as to lookout and therefore did not see Crawley running into the lane of traffic until in the exercise of ordinary care he could do nothing to avoid the accident, the sole negligence is in respect to lookout and not as to management and control. *Reynolds v. Madison Bus Co.* 250 Wis. 294, 26 N. W. (2d) 653. The most favorable interpretation of the evidence that can be given Crawley is that Hill failed to maintain a lookout and for that reason did not reduce his speed or so manage his car as to avoid the collision. With respect to the defendant's failure to meet required standards of care the jury answered that he was negligent as to speed, lookout, and management and control. The last finding alone we hold under the circumstances is such a duplication in the findings as to render the comparison inaccurate.

There is confusion over the speed at which Hill was driving. There are, however, the tire marks to give us some light upon that matter. They amount to physical facts warranting the conclusion that the speed was not excessive. At fifty miles per hour his car could be stopped according to the table of "average stopping distance" within one hundred thirty-five feet with reaction time deducted on a dry, level, concrete surface which were the conditions here. It appears that the brakes were applied so that tire marks resulted at a point seventy-seven feet, six inches from the point of impact. After hitting Crawley the defendant released his brakes and the car stopped at a point fifty-one feet from there. Accepting his testimony that with his headlights on, which was the case, he could see a distance of two hundred fifty feet, it is a reasonable conclusion that he was not traveling at an excessive rate of speed. His only negligence, if there be any, must be in failing to see the deceased in time to stop his car and thus avoid the collision.

A pedestrian on whom rested the duty of yielding the right of way to another cannot escape liability for a collision resulting from his running into the line of travel of an approaching motorist. The defendant was not bound to exercise a higher degree of care with respect to right of way than was Crawley. His failure with respect to lookout could not be more responsible for the result than Crawley's failure in that particular. From all the evidence it must be held that the emergency was directly created by Crawley. Defendant did all he could be required to do under the circumstances. An emergency existed and within the matter of seconds which expired nothing in the conduct of the driver amounted to negligence in excess of the negligence of the deceased.

Comparing the negligence of Crawley and Hill we find that the jury's finding as to Crawley is confirmed in every respect; as to Hill it is limited to lookout. The negligence of Crawley being equal to or greater than that of defendant, the judgment must be reversed.

*By the Court.*—Judgment reversed. Cause remanded with directions to correct the verdict in accordance with this opinion and to dismiss the action.

WICKHEM, J., dissents.