PARKER, Respondent, vs. MOTOR TRANSPORT COMPANY and another, Appellants.

*September 16—October 12, 1948.*

*D. J. Regan* of Milwaukee, for the appellants.

*Roy O. Conen* and *Nathaniel D. Rothstein,* both of Milwaukee, for the respondent.

MARTIN, J.   The jury in its verdict found Edmund Osowski, the driver of the truck and trailer of defendant, negligent with respect to speed, management and control of his truck and yielding the right of way and such negligence being an efficient cause of the injury to plaintiff, Roy Parker.   It also found negligence on the part of plaintiff with respect to the management and control of the automobile and that such negligence was an efficient cause of his injury.   The proportion of negligence attributable to producing the injury was seventy-five per cent for the defendant's driver and twenty-five per cent for plaintiff.

In this case there were only two witnesses to the accident, the plaintiff and defendant's driver, Osowski.   The conflicting stories of the two were sifted by the jury in determining the facts and credibility and belief were attached to the plaintiff's testimony as to how this collision occurred.

*Bazelon v. Lyon* (1906), 128 Wis. 337, 341, 107 N. W. 337: "It is also insisted that there was not sufficient evidence to support the verdict.   Where there is any credible evidence

to support the verdict this court will not disturb the ruling of the trial court sustaining the verdict."

*Suts v. Chicago & N. W. R. Co.* (1931) 203 Wis. 532, 536, 234 N. W. 715: "There was a clear conflict which was resolved by the jury in favor of the plaintiff, and under the familiar rule of law the verdict of the jury cannot be disturbed."

*Meyer v. Neidhoefer & Co.* (1933) 213 Wis. 389, 391, 251 N. W. 237: "A jury question existed as to the negligence of the driver of the yellow truck. The usual questions with relation to the negligence of this driver were properly submitted and there is evidence supporting the findings of the jury. This evidence was believed by the jury and is therefore to be accepted here as controlling. *Trautmann v. Charles Schefft & Sons Co.* 201 Wis. 113, 228 N. W. 741."

*Bent v. Jonet* (1934), 213 Wis. 635, 643, 252 N. W. 290: "It is claimed that the verdict of the jury with respect to comparative negligence is against the great weight and clear preponderance of the evidence. This court has held, both in *McGuiggan v. Hiller Brothers,* 209 Wis. 402, 245 N. W. 97, and *Brown v. Haertel,* 210 Wis. 345, 244 N. W. 630, that only in rare instances could this court reverse a jury's finding with respect to the comparative negligence of plaintiff and defendant, and then only in cases where the negligence of each was of the same kind or character."

We feel that there is sufficient evidence to support the findings of the jury.

The defendant claims that the damages allowed to plaintiff are excessive. The evidence shows that the plaintiff was disabled about six weeks and that his wage loss was approximately $200. The doctor bill was $50, and $550 was awarded for pain and suffering. The award as to damages was within the sound discretion of the jury and we do not feel that the amount is so extravagant as to show error, passion or prejudice which would justify the setting aside of the verdict as excessive. *Ward v. Thompson* (1911), 146 Wis. 376, 131 N. W. 1066.

*By the Court.*—Judgment affirmed.