CHERNEY et al. v. HOLMES et ux.

No. 10226.

United States Court of Appeals Seventh Circuit.

Dec. 12, 1950.

Woodrow A. Schmitz, Richard P. Schmitz, Manitowoc, Wis., for appellants.

James W. Lane, Gerald J. Harrington, Milwaukee, Wis., for appellees.

Before MAJOR, Chief Judge, and KERNER and DUFFY, Circuit Judges.

DUFFY, Circuit Judge.

This is an appeal from a judgment based on a jury verdict dismissing the complaint herein. The plaintiffs, Richard Cherney, as special administrator of the estate of Donald Cherney, deceased, and Richard and Viola Cherney, as Donald's father and mother (residents of Wisconsin), brought this action to recover damages, claiming that Donald's death on August 21, 1948, was due to the negligence of the defendants (residents of Illinois).

At a point about ½ mile north of Carlsville, Door County, Wisconsin, U. S. Highway 42 runs in a northerly-southerly direction. It is of concrete construction, 20 ft. in width, with a 6 ft. shoulder on both sides. From the point where Donald was struck by the DeSoto automobile owned by Clarence E. Holmes, and driven by his wife, Oma Holmes, at the time of the accident, there is a clear and unobstructed view to the north for at least ¼ mile.

On August 21, 1948, about twelve o'clock noon, defendant Oma Holmes was driving the DeSoto automobile at a speed of 40 to 45 miles per hour in a southerly direction on said highway, which was wet from rain occurring earlier that morning. As she approached the vicinity of the farm home of Marvin Daubner she first noticed Donald Cherney running in the Daubner yard toward the highway when she was about 300 ft. distant from Donald, who was then about 25 to 35 ft. from the highway. Mrs. Holmes lifted her foot from the accelerator. When she was about 200 ft. from the point of impact she applied her brakes, but released them to prevent the automobile from skidding on the wet pavement. Donald continued running at an easy gait, but was looking neither to right nor left, and attempted to cross the highway to reach the Daubner mailbox on the east side thereof. When Mrs. Holmes realized that Donald was not going to stop at the side of the highway she

swung her automobile to the left and the right front wheel was from 1 ft. to 2 ft. east of the center black line when the automobile collided with Donald. There is a dispute as to whether the right front fender or bumper first struck him, but it is without dispute that his head came in contact with the extreme right side of the windshield, causing the glass to shatter. Donald was dragged or thrown some 60 ft. from the place of the collision, and died some two hours later.

Donald was a bright, alert boy, 14 years of age. He was vacationing at the Daubner farm and was familiar with the highway and the location of the mailbox, as he had spent part of the three previous summers with the Daubners. On the day in question he had volunteered to go to the box for the mail.

The case was submitted to the jury on a special verdict. The jury found that Oma Holmes was not negligent with respect to speed and lookout, but that she was negligent as to management and control of her automobile and in failing to warn the deceased, and that such negligence was an efficient cause of the collision between the Holmes automobile and Donald Cherney. The jury also found that Donald was negligent with respect to lookout and in failing to yield the right of way and that such negligence was an efficient cause of the collision. Answering a question under the Wisconsin comparative negligence statute, the jury attributed 50% of the total negligence to the defendants, and 50% to Donald.

On motions after verdict plaintiffs requested the trial court to change the jury answers in the special verdict in two respects: first, on the question of lookout maintained by the defendant, Oma Holmes; and second, on the question of comparative negligence. As to the latter, the request was unusual in that the court was asked to apportion 75% of the entire negligence to the defendants and 25% to Donald. In the alternative plaintiffs asked for a new trial. All of plaintiffs' motions were denied and defendants' motion to dismiss was granted, because under Wisconsin statutory law, 50% negligence bars recovery. Wis.Stats. § 331.045.

Two errors are assigned on this appeal: first, the refusal of the trial court to change the answers of the jury as hereinbefore indicated; and second, as to the receipt in evidence of certain photographs of the Holmes automobile.

The place where Donald was attempting to cross Highway 42 was not a crosswalk, either marked or unmarked. Sec. 85.44(4), Wis.Stats., provides: "Every pedestrian crossing a highway at any point other than a marked or unmarked crosswalk shall yield the right of way to vehicles upon the highway." The evidence amply supports the jury finding that Donald failed to yield the right of way, that he failed to keep a proper lookout, and that such negligence on his part was an efficient cause of the collision resulting in his injuries. Assessing the percentage of negligence attributable to Donald was a question for the jury. It is well established law in Wisconsin that the question of comparative negligence is ordinarily a question for the jury. Paluczak v. Jones, 209 Wis. 640, 245 N.W. 655; Cameron v. Union Automobile Insurance Co., 210 Wis. 659, 246 N.W. 420, 247 N.W. 453. It has further been held that the determination of the jury with respect to comparative negligence will only be disturbed or reversed in rare instances, and then only in cases where the negligence of each was of the same character. Bent v. Jonet, 213 Wis. 635, 252 N.W. 290, 126 A.L.R. 1245; McGuiggan v. Hiller Brothers, 209 Wis. 402, 245 N.W. 97; Brown v. Haertel, 210 Wis. 345, 244 N.W. 630; Parker v. Motor Transport Co., 253 Wis. 365, 34 N.W.2d 115. In Crawley v. Hill, 253 Wis. 294, 34 N.W.2d 123, the facts were quite similar to those in the case at bar. Crawley, a pedestrian, attempted to cross highway 51 outside the Madison city limits. He was running and apparently did not see the defendant's car approaching from the west. The place where he was struck was on the pavement, about 6 ft. from the edge of the highway, and he died of the injuries sustained. The jury found defendant Hill negligent as to speed, lookout, management and control, and found that Crawley was negligent as to lookout, yielding the right of way, and in

the manner of his crossing the highway. Of the total negligence causing the accident, the jury assessed Hill's at 80% and Crawley's at 20%. The Supreme Court, after referring to the rule hereinbefore mentioned, and stating its reluctance to interfere with the jury finding under the comparative negligence law, said 253 Wis. at page 297, 34 N.W.2d at page 124: "It is true that on a country highway a motorist traveling at the higher rate of speed permitted is entitled to entertain a reasonable expectation that pedestrians will not step out into his path and that they will take account of country speeds in yielding the right of way." See Grohusky v. Ferry, 251 Wis. 569, 572, 30 N.W.2d 205. The judgment in the Crawley case was reversed because the Supreme Court held that as a matter of law the negligence of Crawley was equal to or greater than that of the defendant.

In Schlewitz v. London & Lancashire Indemnity Co. of America, 255 Wis. 296, 38 N.W.2d 700, the jury apportioned 40% of the negligence to the pedestrian-plaintiff and 60% to the defendant motorist. The trial court changed the jury's answers so as to show that the plaintiff's negligence was as great as that of the defendant, and the Supreme Court affirmed such action. In another recent case, Post v. Thomas, 240 Wis. 519, 3 N.W.2d 344, the court, changing the jury's answer, held that the pedestrian was, as a matter of law, at least 50% causally negligent.

■ Thus, although the Wisconsin courts are reluctant to change the jury's determination on the apportionment of negligence, they do so on occasions where the court considers as a matter of law that the plaintiff's negligence is as great as that of the defendant, but where the jury has not so apportioned the negligence. However, our attention has not been called to any case where the court has reduced the proportion of negligence assigned by the jury to the plaintiff, as requested herein in plaintiffs' motion after verdict.

■ As to whether Mrs. Holmes was negligent as to lookout, this finding of the jury must also be sustained, for sufficient credible evidence supports the finding that she was not negligent in this respect.

■ The district court, therefore, was not in error in denying the request of plaintiffs to change the jury's answers to the several questions in the special verdict hereinbefore indicated.

Plaintiffs' complaint on admission of evidence relates to seven photographs of the Holmes automobile taken in Chicago three days after the accident for defendants by a professional photographer. Plaintiffs point out that at the pre-trial conference the parties stipulated that five photographs showing different views of Highway 42 and the surrounding area at the place where the accident occurred might be received in evidence without further identification. However, defendants' attorney did not disclose to the court or opposing counsel at the time of the conference that he had in his possession pictures of the Holmes automobile, and that he expected to introduce them into evidence at the trial. Plaintiffs also objected to the introduction of this evidence on the ground that the photographs were not properly identified.

■ The first stated purpose of the pre-trial conference under Rule 16, Federal Rules of Civil Procedure, 28 U.S.C.A., is simplification of the issues; another purpose is to obtain admission of facts and of documents without futher proof at the trial. Attorneys at a pre-trial conference owe a duty to the court and opposing counsel to make a full and fair disclosure of their views as to what the real issues at the trial will be. Rule 16 has done much to eliminate sham and surprise in the preparation and trial of cases in the federal courts. As was stated in Brown v. Christman, 75 U.S.App. D.C. 203, 126 F.2d 625, 631, one of the results of fair disclosures at a pre-trial conference is to take cases from the realm of surprise and maneuvering whereby an unwary counsel might see the just cause of his client lost.

■ The attorney for the defendant should have disclosed at the pre-trial conference that he had seven photographs of the Holmes automobile, and expected to or might introduce them at the trial. The trial court evidenced some surprise that admission of these pictures had not been included in the stipulation. Under the cir-

cumstances the court would have been entirely justified in refusing to admit these pictures in evidence, but its wide discretion in this respect was not abused.

■ Two of the photographs show four parallel lines made in the dust or grime on the hood of the Holmes automobile. Defendant Clarence Holmes described them as finger marks made by Donald Cherney immediately upon his being struck. There was some dispute at the trial as to what part of the Holmes car struck Donald, plaintiffs contending it was the right front fender and defendants claiming it was at the right side of the windshield. Apparently defendants' counsel thought that the so-called finger marks on the hood were proof of the defendants' contention. Although plaintiffs' counsel did object to the admission of the photographs, he qualified his objection, at one point saying, "If it is only for the broken windshield I have no objection," and later saying, "If counsel would keep the question of finger marks out entirely we would have no objection to the pictures." Further reference to the finger marks was not made in the testimony which followed, nor in the arguments to the jury by the attorneys. In fact plaintiffs' counsel referred to the pictures in another connection in his argument to the jury when he said, "The evidence also shows that his head struck the right front windshield. The pictures will show you that."

Rule 61, Federal Rules of Civil Procedure, provides: "No error in either the admission or the exclusion of evidence * * is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial right of the parties."

We hold that not only was the court's discretion not abused but that the admission into evidence of the seven photographs did not adversely affect the substantial rights of the plaintiffs in view of the qualified objection made to their admission at the trial, and in view of the further fact that plaintiffs' counsel in his argument to the jury made reference to these pictures to help him plead his cause.

Not finding reversible error, the judgment herein is

Affirmed.