GREENE, Appellant, v. FARMERS MUTUAL AUTOMOBILE INSURANCE COMPANY and another, Respondents.

*November 6—December 2, 1958.*

554

For the appellant there was a brief and oral argument by *Vaughn S. Conway* and *Kenneth H. Conway,* both of Baraboo.

For the respondents there was a brief by *Johns, Roraff, Pappas & Flaherty* of La Crosse, and oral argument by *Robert D. Johns.*

FAIRCHILD, J. Plaintiff seeks a new trial. She claims that certain instructions which she requested should have been given, that the court should not have found deceased negligent as a matter of law, and that the court abused its discretion in denying a new trial in the interest of justice.

1. *Instructions.* Plaintiff requested an instruction on the duty to reduce speed when passing pedestrians. Plaintiff relied on the portion of sec. 85.40 (2) (b), Stats. 1955, which provided: "The operator of every vehicle shall, consistent with the requirements of paragraph (a), operate at an appropriate reduced speed . . . when passing school children or other pedestrians. . . ." The circuit court made no reference to the provision just quoted, but did quote sec. 85.40 (2) (a), providing: "No person shall operate a vehicle at a speed greater than is reasonable and prudent under conditions and having regard for the actual and potential hazards then existing and the speed of the vehicle shall be so controlled as may be necessary to avoid colliding with any object, person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and using due care." The court said: "Any rate of speed is unreasonable if it is greater than a reasonable and prudent person would use under the same or similar circumstances."

A question has been raised whether Miss Harck was "passing" the pedestrian, who was moving in a course at a right angle with hers. If she was "passing" him, and if paragraph (b) was therefore applicable, the jury would be required to determine what an "appropriate" reduced speed was. Clearly the jury must have understood Mr. Greene's presence as one of the conditions and circumstances which the court told them they were to consider in determining whether Miss Harck's speed was reasonable and proper. We would have difficulty in distinguishing between a standard of a "reasonable and prudent" speed, having regard for the presence of the pedestrian, and a standard of an "appropriate reduced speed." Under the circumstances of this case we conclude that omission of the words of paragraph (b) was not prejudicial error.

Plaintiff requested an instruction, based upon sec. 85.15 (1), Stats. 1955, providing: "Upon all highways of sufficient width, except upon one-way highways, the operator of a vehicle shall operate the same upon the right half of the roadway . . . unless it is impractical to travel on such side of the roadway. . . ." There was no claim made nor evidence tending to show that Miss Harck drove in the left lane except when she turned into it because she saw Mr. Greene in her right-hand lane.

Plaintiff requested an instruction that deceased was presumed to have exercised due care. Plaintiff concedes that this presumption disappears when evidence sufficient to support a finding of negligence on his part is introduced. Here the testimony of Miss Harck and her mother was sufficient.

*2. Deceased failed to yield the right of way.* There being no crosswalk, Mr. Greene had an absolute duty to yield the right of way. Sec. 85.44 (4), Stats. 1955; *Post v. Thomas* (1942), 240 Wis. 519, 525, 3 N. W. (2d) 344. His failure is beyond dispute. He could have seen Miss Harck's head-

lights at all times while she was traveling the 1,200 feet before the point of impact. At 50 miles per hour she would have taken about sixteen seconds to traverse this distance.

3. *Denial of a new trial.* There is no basis for saying that it was an abuse of discretion to deny a new trial in the interest of justice. The trial court's view of the matter was expressed at the hearing on motions after verdict. It was the court's opinion that under the circumstances the jury could not have found Mr. Greene less than 50 per cent negligent.

*By the Court.*—Judgment affirmed.

BROWN, J., took no part.