KALAMAZOO COUNTY ROAD COMMISSIONERS *v.* BERA.

1. New Trial—Deposition—Absence of Witness.
Order granting new trial because plaintiff had not presented its operator of tractor with mower attachment as a witness in action for damages to such vehicle but had gone to trial on such person's deposition *held*, to have been based on an improper consideration, where no showing was made that it was impossible to have such operator as a witness.

2. Trial—Credibility of Witnesses—Verdicts—Weight of Evidence.
The matter of credibility of witnesses is primarily one for the jury, hence, where there is competent evidence to support the finding of the jury its verdict should not be set aside and a new trial granted solely because the trial judge would weigh and evaluate the evidence differently.

3. Automobiles—Tractor Mower—Evidence.
Evidence presented in action by board of county road commissioners against motorist for damages to their tractor mower because of alleged negligence on part of defendant motorist *held*, sufficient to support verdict for defendant of no cause for action.

---

References for Points in Headnotes
[1] 39 Am Jur, New Trial § 113.
[2] 53 Am Jur, Trial §§ 169, 181.
[3] 8 Am Jur 2d, Automobiles and Highway Traffic § 994 *et seq.*

Appeal from Kalamazoo; Sweet (Lucien F.), J. Submitted May 5, 1964. (Calendar No. 40, Docket No. 50,431.) Decided July 8, 1964.

Case by Board of County Road Commissioners of Kalamazoo County, a body corporate, against Gordon Bera and Gordon Bera, Jr., for property damage to its equipment resulting when struck by automobile. Verdict for defendants. New trial granted. Defendants appeal. Reversed and remanded for entry of judgment on jury verdict.

*Paulson, Bennett & Palmer* (*Richard H. Paulson*, of counsel), for plaintiff.

*Doyle, James & Dark* (*Richard M. James*, of counsel), for defendants.

ADAMS, J. We are faced once again with the difficult problem of reviewing the discretion of a trial judge who granted a motion for a new trial after a jury had brought in a verdict of no cause of action. The defendants assert he erred in that this case comes within the principle set forth in *Bridwell* v. *Segel*, 362 Mich 102. There it was said that when the question is 1 of the credibility of 1 or more witnesses' testimony as opposed to that of 1 or more other witnesses, the conflict is to be resolved by the jury rather than the court.

Plaintiff asserts—whatever conflict there may have been in the testimony—the great weight of the evidence so strongly preponderates against the jury's verdict, taking into consideration the trial judge's assessment of credibility, the court did not err in granting a new trial.

The accident out of which this lawsuit arose occurred at midmorning on August 24, 1961, on US–131, a 4-lane highway in Schoolcraft township,

Kalamazoo county. Merle Cook, operating plaintiff's tractor with mower attachment, was proceeding south at about 11 miles per hour. He was on his way to another road. By deposition, Cook stated that he was proceeding south in the westernmost lane of the highway when he was struck from the rear by defendant Gordon Bera, Jr. A witness who was about to cross the highway from the west observed the tractor 800 or 900 feet to his north. At that time the tractor was proceeding south in the westernmost lane. The accident occurred a short distance south of the location from which the witness had made his observation.

Defendant Bera testified that he observed the tractor as he was driving south at between 50 and 55 miles an hour. It was about a quarter mile away and completely off the highway. His testimony with regard to the situation at the moment before impact is as follows:

"*Q.* What part of the road commission vehicle did your car strike?

"*A.* The left rear wheel.

"*Q.* Was it a tractor with a mower that you struck?

"*A.* Yes, sir.

"*Q.* And was the road commission vehicle at the time it was struck engaged in making any turn, or was it traveling straight?

"*A.* It was just half on the highway and half off.

"*Q.* But was it traveling straight?

"*A.* No.

"*Q.* What direction was it headed?

"*A.* To an angle, to the left, we will say."

And on recross examination:

"*Q.* When you first saw it coming on to the road how far back of it were you?

"*A.* I was right there. It was coming on at an angle."

The trial court refused to direct a verdict for the defendants, holding there was evidence sufficient to go to the jury; but, upon motion for new trial, the same was granted because:

"This Court is impressed that the verdict of the jury was a miscarriage of justice.   *   *   *

"One circumstance that is the fault of no one but which may have materially affected the outcome and may have materially affected the consideration that the jury gave to the evidence in this case was the fact that the driver of the plaintiff's vehicle was not here.   The jury did not see him, nor did they know why he was not here, except that I think there was something in the record about his being confined to his home.   But they didn't know it was impossible to bring him here or impossible to take the jury to where he was, if it was impossible.   In any event, they didn't see him; they didn't hear his version of the accident from his lips; they didn't have an opportunity to observe him, to see what sort of a witness he was.   They lacked all of the help and assistance that a jury gets from confrontation with a witness while he is testifying.

"Furthermore, it seems to me that the great weight of the evidence was clearly against the verdict that the jury returned.   Only in the manner that I have discussed in the decision of the other motions could the jury have arrived at a verdict in favor of the defendant, and in so doing they would have to completely disregard the testimony of the plaintiff's driver, as well as many of the indicated physical facts from the exhibits and from the manner in which the 2 vehicles collided, the point of the collision, as appeared from other physical facts shown by the evidence, et cetera."

We can find nothing in the proceedings at the time of trial, December 4, 1962, to show that the driver of the tractor was confined to his home or that it was impossible to bring him before the jury.   This

may have been the case but it is not before us. In any event it was an improper consideration since the plaintiff had elected to proceed to trial upon the deposition of the witness Cook. See *Beaman* v. *Testori,* 323 Mich 194, 199.

Coming to the question as to the great weight of the evidence, we are hesitant to challenge the discretion of an experienced trial judge in an area where the intangibles are so many. We realize that it is difficult, if not impossible, to set them forth in a record. However, we think that increasingly we must use the rule of *Bridwell* v. *Segel, supra,*— credibility is primarily a question for the jury. Where there is competent evidence to support the finding of the jury its verdict should not be set aside and a new trial granted solely because the trial judge would weigh and evaluate the evidence differently.

The rule was stated in another way in *Sloan* v. *Kramer-Orloff Co.,* 371 Mich 403, by Justice O'HARA in his dissenting opinion as follows:

"After a careful review of the whole record, we conclude in response to our previously postulated query that the issue posed in the case at bar was not, and is not, a question of the 'great' or 'overwhelming' weight of all the evidence but rather a question of the credibility of witnesses testifying to diametrically opposed assertions of fact. So concluding we must, despite any misgivings or inclinations to disagree, leave the test of credibility where our system reposed it—in the trier of the facts."

Plaintiff had its day in court. There is no question of error in the trial. The amount in controversy is $1,006.18. The evidence for the defendants is sufficient to support the verdict even though it is, as is so often the case, diametrically opposite to that produced by the plaintiff.

The decision of the trial court granting a new trial is reversed, and the case is remanded for entry of a judgment for defendants on the verdict of no cause of action. Costs to the appellants.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, and O'HARA, JJ., concurred.