MCPHILLIPS, Appellant, v. BLOMGREN and another, Respondents.

*February 1—March 1, 1966.*

136

For the appellant there was a brief by *Robert R. Gavic* of Spring Valley, and *John Oltman* of Ellsworth, and oral argument by *Mr. Gavic.*

For the respondents there was a brief by *Gwin & Fetzner* of Hudson, and oral argument by *John W. Fetzner.*

BEILFUSS, J. The plaintiff-appellant concedes that a trial court's order for a new trial in the interests of justice will not be reversed unless there is a clear showing of abuse of discretion.

He does contend, however, that if the evidence was sufficient to support the jury's findings the verdict should not be set aside nor a new trial granted.[1]

This court has not so restricted the trial court in ruling upon a motion for a new trial in the interests of justice.

"It is well established that the supreme court will affirm a trial court's order for a new trial in the interest of justice unless there is a clear showing of abuse of discretion. A trial court has wide discretion to order a new trial in the interest of justice if the verdict is against the great weight and clear preponderance of the evidence, although the evidence is not so insufficient as to justify changing the answers to the special verdict questions.

"As an incident of making a judgment that a verdict is against the great weight and clear preponderance of the evidence, the trial court must be able to evaluate the general credibility of the witness based upon his appearance and demeanor, as well as evaluating the internal content and consistency of his testimony." *Flippin v. Turlock* (1964), 24 Wis. (2d) 49, 54, 55, 127 N. W. (2d) 822.[2]

In this instance the trial court ordered a new trial upon several grounds. These grounds are summarized in its memorandum opinion as follows:

"Because of the failure to find any negligence on the part of the plaintiff; because of the Court's failure to adequately instruct the jury relative to the duty of the plaintiff to yield the right of way and relative to the lack of any cross walk being present and because of the fact that the Court feels there should be a comparison of negligence by the jury and because of the excessiveness of the verdict, the Court concludes that a new trial should be granted to the defendants upon those grounds and also on the general grounds of being in the interests of justice."

---

[1] *Board of County Road Commissioners v. Bera* (1964), 373 Mich. 310, 129 N. W. (2d) 427.

[2] *Brunke v. Popp* (1963), 21 Wis. (2d) 458, 124 N. W. (2d) 642; *Pingel v. Thielman* (1963), 20 Wis. (2d) 246, 121 N. W. (2d) 749; *Bohlman v. Nelson* (1958), 5 Wis. (2d) 77, 92 N. W. (2d) 345.

"And also on the general grounds of being in the interests of justice" is an insufficient statement, standing alone, to warrant the granting of a new trial under the new-trial statute.[3] That statute requires that the reasons for a new trial in the interest of justice be set forth in the order or memorandum.

We conclude that the reasons set forth by the trial court for a new trial are sufficient to warrant the granting of a new trial in the interests of justice. It is apparent that the trial judge concluded that justice had not been done and he stated his reasons therefor. Some of these reasons standing alone may be sufficient to sustain an order for a new trial on other statutory grounds. However, the appellant has treated the order for a new trial as one granted in the interests of justice and we shall so consider it.

The jury found that plaintiff pedestrian was not negligent and assessed 100 percent of the causal negligence to the defendant auto driver. The trial court was of the opinion under the facts and the law that the plaintiff was negligent in some degree.

The right-of-way statute provides that a pedestrian must yield the right-of-way to a motorist at any place on

---

[3] Sec. 270.49 "MOTION FOR NEW TRIAL. (1) A party may move to set aside a verdict and for a new trial because of errors in the trial or because the verdict is contrary to law or to the evidence, or for excessive or inadequate damages or in the interest of justice; . . .

"(2) Every order granting a new trial shall specify the grounds therefor. In the absence of such specification, the order shall be deemed granted for error on the trial. No order granting a new trial in the interest of justice shall be valid or effective, unless the reasons that prompted the court to make such order are set forth in detail therein or the memorandum decision setting forth such reasons is incorporated by reference in such order. . . ."

See also *Moldenhauer v. Faschingbauer* (1964), 25 Wis. (2d) 475, 131 N. W. (2d) 290, 132 N. W. (2d) 576.

the roadway other than on a marked or unmarked crosswalk.[4]

In response to a request by the respondent the court instructed the jury as follows:

"With reference to question 3 which inquires as to the negligence of John E. McPhillips, you are instructed that a pedestrian crossing a street or highway must exercise ordinary care to keep a careful lookout as he enters and proceeds to cross, to enable him to become timely aware of the presence and location of oncoming traffic. The exercise of ordinary care by such a pedestrian requires him to observe timely the presence, location, and movement of motor vehicles that may be approaching his course of travel.

"When a pedestrian crosses at a place other than a crosswalk, it is his duty to maintain such a lookout as is reasonably necessary to enable him to yield the right of way to motor vehicles approaching his line of travel, since they have the right of way over him.

"You are further instructed that the Wisconsin statutes define right of way as the privilege of the immediate use of the roadway.

"The statutes further provide that 'Every pedestrian crossing a roadway at any point other than within a marked or unmarked crosswalk shall yield the right of way to all vehicles upon the roadway.'

"If you find that the pedestrian was crossing the roadway at a point other than a marked or unmarked crosswalk, then it became his duty to yield the right of way to the automobile approaching on the highway."

The trial court was of the opinion that the evidence conclusively showed that there was not a crosswalk, either marked or unmarked, at the place where McPhillips

[4] Sec. 346.25 "CROSSING AT PLACE OTHER THAN CROSSWALK. Every pedestrian crossing a roadway at any point other than within a marked or unmarked crosswalk shall yield the right of way to all vehicles upon the roadway."

See *Grohusky v. Ferry* (1947), 251 Wis. 569, 30 N. W. (2d) 205; *Post v. Thomas* (1942), 240 Wis. 519, 3 N. W. (2d) 344; and *Weber v. Barrett* (1941), 238 Wis. 50, 298 N. W. 53.

crossed the highway and that he was therefore negligent in failing to yield the right-of-way. Upon motions after verdict the trial court further stated that the pedestrian right-of-way instruction as given was not explicit as to a definition of a crosswalk and that the jury might well have concluded that if McPhillips had crossed the center line he was not required to yield the right-of-way.

The instruction as given is not an erroneous statement of the law and the respondent is in poor posture to complain for the reason that the instruction was given substantially as he requested. Sec. 340.01 (10), Stats., does define a marked or unmarked crosswalk.[5] If the evidence conclusively established that area of roadway where McPhillips crossed was not a crosswalk, either marked or unmarked, then an instruction advising the jury that it was the duty of McPhillips to yield the right-of-way would have been sufficient.[5a]

The trial court could properly conclude that McPhillips was negligent as a matter of law in failing to yield the right-of-way if he was struck while on the roadway at a

---

[5] " 'Crosswalk' means either of the following, except where signs have been erected by local authorities indicating no crossing:

"(a) *Marked crosswalk.* Any portion of a highway clearly indicated for pedestrian crossing by lines or other markings on the surface; or

"(b) *Unmarked crosswalk.* In the absence of lines or markings, that part of a roadway, at an intersection, which is included within the transverse lines which would be formed on such roadway by connecting the corresponding lateral lines of the sidewalks on opposite sides of such roadway or, in the absence of a corresponding sidewalk on one side of the roadway, that part of such roadway which is included within the extension of the lateral lines of the existing sidewalk across such roadway at right angles to the centerline thereof, except in no case does an unmarked crosswalk include any part of the intersection and in no case is there an unmarked crosswalk across a street at an intersection of such street with an alley."

[5a] The question of the proper form of instruction in noncrosswalk cases is discussed in *Rossow v. Lathrop* (1963), 20 Wis. (2d) 658, 666, 123 N. W. (2d) 523.

place other than a crosswalk. It could also conclude the finding of no negligence on the part of McPhillips was against the great weight and clear preponderance of the evidence because the proof did establish there was not a crosswalk.

The trial court further concluded that the damages awarded by the jury were excessive. In addition to his medical expenses McPhillips was awarded $20,000 for personal injuries. McPhillips was seventy-eight years old at the time of the injury and eighty years old at the trial. His life expectancy was four and one-third years. He was retired and suffered no wage loss. Prior to the accident he was in good health for a man his age. He was physically active and spent considerable time fishing.

His injuries were serious—several lacerations, a skull fracture resulting in double vision in one eye, a fractured left leg, bruised left wrist, the loss of the fatty tissue or pad of his left heel and reduced left leg circulation. He spent several weeks in the hospital and was still in a wheelchair at the time of trial, some one and one-half years after the accident. His double vision is permanent but is corrected by glasses so as not to greatly inconvenience him. His left leg is three fourths of an inch shorter and bowed. His left heel pad is permanently gone but he can obtain a shoe with a built-up heel to help alleviate this condition. The lack of proper circulation is permanent and can be the cause of additional difficulty because of a lack of sensation.

Dr. E. R. Jonas, the treating physician, testified on behalf of McPhillips. His prognosis was that McPhillips would be walking again with a built-up shoe and possibly a brace and that he would be able to carry out his hobby of fishing again.

Mr. McPhillips did suffer severe injuries. He has had considerable pain, suffering and disability and will continue to have disability in his right eye, left leg and left heel, but the eye, leg and heel are functional though lim-

ited. In view of his recovery, no wage loss, and limited life expectancy, the trial court's conclusion that an award of $20,000 for personal injuries is excessive is not an abuse of discretion.

In reviewing the record and the trial judge's memorandum on motions after verdict, we are convinced that the trial judge was of the opinion that McPhillips was causally negligent to some degree; that the damages were excessive, that justice was not done, and that a new trial should be ordered in the interests of justice.

In *Guptill v. Roemer* (1955), 269 Wis. 12, 20, 68 N. W. (2d) 579, 69 N. W. (2d) 571, this court held an order ordering a new trial because " '. . . the verdict is against the great weight and preponderance of the evidence, and in the interests of justice' " sufficient. "It would have been preferable if the order had stated that the new trial was being ordered in the interest of justice because the verdict was against the great weight of the evidence, for standing alone, the fact that a verdict is against the great weight of the evidence is not a ground for a new trial. However, the memorandum decision of the trial court makes it clear that the new trial was being ordered *in the interest of justice* because the verdict in the respects mentioned herein was against the overwhelming weight of the evidence, and we so construe the order itself."

"An order for a new trial in the interests of justice is highly discretionary and, in the absence of a clear showing of an abuse of discretion, it will be affirmed." *Werren v. Allied American Mut. Fire Ins. Co.* (1958), 3 Wis. (2d) 313, 315, 316, 88 N. W. (2d) 348.

We find no abuse of discretion in the trial court's order for a new trial on all issues and it must be affirmed.

Counsel for the respondent in his brief and in oral argument has urged that McPhillips be found to be more than 50 percent causally negligent as a matter of law and that his complaint be dismissed. This we cannot do for two reasons.

First, it cannot be said as a matter of law that the causal negligence of McPhillips exceeds that of Blomgren. There is ample credible evidence in the record to allow a jury to conclude that McPhillips was well beyond the center line of the highway and that Blomgren was not only in his wrong lane of traffic but partially in the parking lane to his left. Even though McPhillips was negligent in failing to yield the right-of-way and perhaps in lookout, these facts require a comparison of the causal negligence by the jury.[6]

Second, although the respondent moved for a directed verdict and moved for judgment dismissing the complaint notwithstanding the verdict on motions after verdict, the trial court ordered a new trial and stated in its memorandum that there should be a comparison of negligence by the jury. The order for new trial in effect denies a motion for judgment notwithstanding the verdict.

Sec. 274.12, Stats., provides:

"ALL PARTIES BOUND BY APPEAL; ADDITIONAL PARTIES; REVIEW ON BEHALF OF RESPONDENT. (1) A respondent adverse to the appellant upon the latter's appeal may have a review of any rulings prejudicial to him by serving upon the appellant at any time before the case is set for hearing in the supreme court a notice stating in what respect he asks for a reversal or modification of the judgment or order or portion thereof appealed from. . . .

" (4) When any respondent desires to review an order, judgment or portion thereof not appealed from, he shall within 30 days after service on him of notice of appeal take and perfect his appeal or be deemed to have waived his right so to appeal."

The record before us does not contain a notice to review nor a cross appeal as may be appropriate and required by the statute. Respondent has not preserved his right to seek relief.

*By the Court.*—Order affirmed.

---

[6] *Grohusky v. Ferry, supra,* footnote 4.